IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NEIL J. ATLIN, D.O.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1909-L** |
| | § | |
| **NANCY MENDES**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's First Amended Motion to Dismiss Defendant's 1st Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6), filed January 25, 2008. After carefully considering the motion, response, record, and applicable law, the court **grants in part** and **denies in part** Plaintiff's First Amended Motion to Dismiss Defendant's 1st Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6).

**I.      Factual and Procedural Background**

Plaintiff Neil J. Atlin ("Plaintiff" or "Atlin") filed this diversity action for negligence, declaratory relief, and attorney's fees on October 17, 2006, against Defendant Nancy Mendes ("Defendant" or "Mendes"). This case arises from accusations by Atlin that, without his knowledge, Mendes knowingly exposed him to an incurable sexually transmitted disease. Compl. ¶ 12. On January 7, 2009, Plaintiff filed her First Amended Counterclaim against Atlin, alleging claims of assault, battery, intentional infliction of emotional distress, and negligence. Plaintiff now moves to

**Memorandum Opinion and Order - Page 1**

dismiss these counterclaims against him. Mendes alleges that it was Atlin who exposed her to the disease.*

## II.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

---

*Although Atlin states that he is moving to dismiss Mendes's negligence claim, he does not specifically address this claim in his motion or as part of his discussion of intentional torts.

**Memorandum Opinion and Order - Page 2**

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Analysis

### A. Intentional Torts

Atlin moves to dismiss Mendes's claims of assault, battery, and intentional infliction of emotional distress because she has not alleged that Atlin intended to transmit the herpes virus to her. He cites *State Farm Mutual Automobile Insurance Co. v. Kelly*, 945 S.W.2d 905, 908-09 (Tex. App. – Austin 1997, pet. denied), in support of his motion to dismiss. Mendes responds that the Texas Supreme Court case on which *Kelly* relies, *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858 S.W.2d 374 (Tex. 1993), holds that a fact question necessarily exists as to whether the transmission of the virus is intentional.

Atlin's reliance on *Kelly* is misplaced and misrepresents the holding in that case. *Kelly* involves an insurance dispute relating to confiscation of a stolen car. 945 S.W.2d at 907. The court did cite *S.S. & G.W.* in its discussion of whether the confiscation of a stolen car is an "accidental

loss" pursuant to the insurance policy. In *S.S. & G.W.*, the Texas Supreme Court considered whether injury caused by the transmission of the herpes virus was excluded from a homeowner's insurance policy through the "intentional injury exclusion." *Id*. at 376. The court concluded: "an issue of material fact exists concerning whether G.W. knew at that time with substantial certainty that he would transmit herpes to S.S." *Id*. at 379.

The court has also researched this issue, and while it has determined that there is a not a great body of case law of this subject, in at least one case, the United States Court of Appeals for the Fifth Circuit reached a result consistent with *S.S. & G.W.* In *Leleux v. United States*, the court considered whether consensual intercourse that led to the transmission of the herpes virus amounted to the tort of battery, for which the United States was not liable pursuant to the Federal Tort Claims Act. 178 F.3d 750 (5th Cir. 1999). The court followed the reasoning in *S.S. & G.W.* and held that whether a tort was committed depended upon whether the plaintiff knew he had herpes. The court held that Plaintiff

> does not state a claim under the FTCA if [her sexual partner] knew that he was infected with genital herpes when he had sexual intercourse with her. If [he] knew of his condition, he committed a battery, and his conduct, though reprehensible, is exempted from the Government's waiver of sovereign immunity by § 2680(h).

*Leleux*, 178 F.3d at 755-56. In that case, the court considered whether the virus had been knowingly transmitted in order to determine if an intentional tort had been committed and if the United States was therefore exempt from liability under the FTCA.

The court finds that Atlin's reliance on *Kelly* is misplaced and overstates the reach of the court's decision in *S.S. & G.W.* Mendes's allegation that "Atlin has admitted that he knew he had Herpes for years before he ever met Mendes" is sufficient to state a claim that he may have

intentionally transmitted the virus to her. Amend. Countercl. ¶ 8. Accordingly, the court determines that Atlin is not entitled to dismissal of Mendes's claims for assault, battery, and intentional infliction of emotional distress based upon *Kelly*.

B.   **Fraud and Intentional Infliction of Emotional Distress**

Atlin also moves to dismiss Mendes's claims for fraud and intentional infliction of emotional distress. He contends that her fraud claim fails to meet Rule 9(b)'s heightened pleading standard. He also argues that her intentional infliction of emotional distress claim fails as a matter of law. Mendes responds that she has stated a fraud claim and that filing a lawsuit without merit that asserts she transmitted the herpes virus to him is sufficient to state a claim for intentional infliction of emotional distress.

As a preliminary matter, the court determines that Mendes has failed to plead a fraud claim. Although she states that "Atlin's repeated lies, deceit, and fraud all caused the severe emotional distress[]" she suffered, this statement is within her claim for intentional infliction of emotional distress, and fraud is not pleaded as a separate claim. Amend. Countercl. ¶ 12. When pleading fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Even if Mendes does wish to assert a fraud claim, the court determines that this sentence alone is far too conclusory to satisfy the standard under Rule 9(b).

Mendes has not sought leave to replead her fraud claim, and the court determines that leave to amend will not be granted. She never pleaded this claim as a separate claim in her initial pleading, has amended her counterclaim once before, and the discovery deadline in this case has now passed. The court, of course, could extend the discovery deadline; however, such an extension

will unnecessarily delay the trial, and Mendes has not shown at this stage that good cause exists to allow further amendment of pleadings.

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that: "1) the defendant acted intentionally or recklessly, 2) the conduct was extreme and outrageous, 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the resulting emotional distress was severe." *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993) (internal quotation marks omitted). Atlin argues that Mendes's claim fails to plead any "extreme and outrageous" conduct and cites *Montemayor v. Ortiz*, 208 S.W.3d 627, 657-58 (Tex. App. – Corpus Christi 2006, pet. denied), and *Henderson v. Wellmann*, 43 S.W.3d 591, 597 (Tex. App. – Houston [1st Dist.] 2001, no pet.), in support of his argument that filing a lawsuit alone does not meet this standard. In response, Mendes cites no case law, but points to an alleged affidavit signed by Atlin's former counsel stating that his claim was without merit.

The court concludes that Mendes's claim for intentional infliction of emotional distress fails as a matter of law. Her claim is based upon the filing of Atlin's lawsuit; the mere filing of a lawsuit does not rise to the level of "extreme and outrageous" conduct that is actionable under this theory. *See Montemayor*, 208 S.W.3d at 657. Accordingly, Mendes fails to state a claim upon which relief can be granted for her intentional infliction of emotional distress claim.

**IV.    Conclusion**

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiff's First Amended Motion to Dismiss Defendant's 1st Amended Counterclaim under Federal Rule of Civil Procedure 12(b)(6). The court **dismisses with prejudice** Defendant's counterclaims for fraud and intentional infliction of emotional distress.

**It is so ordered** this 12th day of August, 2008.

Sam A. Lindsay
United States District Judge