IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NEIL J. ATLIN, D.O.**, | § | |
| | § | |
| Plaintiff/Counterdefendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1909-L** |
| | § | |
| **NANCY MENDES**, | § | |
| | § | |
| Defendant/Counterplaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant/Counter Plaintiff's, Nancy Mendes, Motion for Partial Summary Judgment, filed September 5, 2008; (2) Plaintiff's Motion for Partial Summary Judgment, filed September 5, 2008; (3) Nancy Mendes's Motion for Attorney's Fees, filed October 31, 2008; (4) Defendant Counter Plaintiff's, Nancy Mendes, Motion for Jury Trial, filed November 7, 2008; and (5) Defendant's, Nancy Mendes, Motion to Strike Plaintiff's, Neil J. Atlin, D.O., Objections to Defendant's Summary Judgment Evidence and Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment and Defendant's Motion to Strike Changed Testimony and Defendant's Motion for Sanctions, filed December 12, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendant/Counter Plaintiff's, Nancy Mendes, Motion for Partial Summary Judgment; **denies** Plaintiff's Motion for Partial Summary Judgment; **denies** Nancy Mendes's Motion for Attorney's Fees; **grants** Defendant Counter Plaintiff's, Nancy Mendes, Motion for Jury Trial; and **denies** Defendant's, Nancy Mendes, Motion to Strike Plaintiff's, Neil J. Atlin, D.O., Objections to Defendant's Summary Judgment Evidence and Defendant's Motion to Strike Plaintiff's Reply to

Defendant's Response to Plaintiff's Motion for Summary Judgment and Defendant's Motion to Strike Changed Testimony and Defendant's Motion for Sanctions.[1]

## I. Factual and Procedural Background

Plaintiff Neil J. Atlin ("Plaintiff" or "Atlin") filed this diversity action for negligence, declaratory relief, and attorney's fees on October 17, 2006, against Defendant Nancy Mendes ("Defendant" or "Mendes"). This case arises from accusations by Atlin that, without his knowledge, Mendes knowingly exposed him to herpes, an incurable sexually transmitted disease. Compl. ¶ 12. On January 7, 2008, Counterplaintiff Mendes filed her First Amended Counterclaim against Atlin, alleging claims of assault, battery, intentional infliction of emotional distress, and negligence. On August 12, 2008, the court dismissed with prejudice Mendes's claims for fraud and intentional infliction of emotional distress.

There are many disputed facts in this case, but the court sets forth those to which the parties agree. Atlin and Mendes met in Florida and began dating in January 2006. Atlin lived in Dallas, Texas, and Mendes went to visit him in February 2006 to celebrate his birthday. During this visit to Dallas, Atlin and Mendes had sexual intercourse for the first time.

In March 2006, Mendes began to experience vaginal discharge, and she scheduled an appointment with her gynecologist on March 14, 2006. Mendes told Atlin about her symptoms, and he paid for her to travel to Dallas so that he "could take care of her." Atlin prescribed Diflucan, a medication for yeast infections, and an antibiotic for Mendes. Her condition did not improve, so

---

[1]Also pending is Defendant/Counter Plaintiff's, Nancy Mendes, Motion to Strike Plaintiff/Counter Defendant's, Neil J. Atlin, D.O., Changed Deposition Testimony, filed December 17, 2008. Atlin's response is not due until January 6, 2008. The court has not considered the challenged deposition testimony in ruling on the motion for summary judgment and defers ruling on the motion insofar as it seeks to exclude this testimony from trial until Atlin has had an opportunity to respond.

**Memorandum Opinion and Order – Page 2**

Mendes saw her gynecologist on March 14. Her doctor in Florida ordered a culture and blood test. The culture tested positive for the herpes virus, but the blood test was negative for antigens in her blood. Subsequent blood tests have been positive for herpes.

On August 28, 2006, counsel for Mendes sent a demand letter to Atlin and attached a draft lawsuit to be filed in state court in Dallas County. On September 21, 2006, Atlin contacted his doctor and was tested for the herpes virus. His test results, on September 25, 2006, revealed that he had antibodies in his blood consistent with exposure to the herpes virus. On October 17, 2006, Atlin filed this lawsuit in this court, asserting that Mendes had transmitted the herpes virus to him. Mendes filed a counterclaim against Atlin in January 2008, asserting that he had transmitted the herpes virus to her.

## II. Motions for Summary Judgment

### A. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

B.  Analysis

The parties have filed cross-motions for partial summary judgment. Atlin seeks summary judgment on his claim for a declaratory judgment that he and Mendes did not have a physician-patient relationship. He also seeks summary dismissal of Mendes's counterclaims of assault, battery, and negligence, and summary judgment on his affirmative defense of consent. Mendes seeks dismissal of Atlin's claim for a declaratory judgment that he and Mendes did not have a physician-patient relationship.

1.  Objections to Summary Judgment Evidence

With his reply in support of his motion for summary judgment, Plaintiff Atlin filed objections to certain evidence submitted by Mendes in support of her response to his motion. Specifically, Atlin objects to: a letter with draft of state lawsuit; the inclusion of the entire depositions of Mendes, Atlin, and Dr. Rufus Green; Walgreen's pharmacy records; Florida medical records of Mendes; certain testimony by Mendes regarding the contraction of the herpes virus; references to other sexually transmitted diseases; and newly-articulated theories of recovery.

Mendes, in response, moved to strike Atlin's objections and reply as untimely. She also moved to strike certain changed testimony from Atlin's deposition, for leave to file a surreply, and for sanctions against Atlin.

First, Atlin's reply and objections were not untimely filed. Mendes's response was filed on October 31, 2008. Pursuant to the local rules of this court, Atlin had fifteen days to file a reply. Because the fifteenth day fell on a weekend, his deadline was Monday, November 17, 2008, the day he filed his reply and objections. Her motion to strike is therefore **denied**. Next, the court will not permit Mendes to file a surreply. As set forth in the amended scheduling order, "[s]urreplies, and

any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they are usually a strategic effort by the nonmovant to have the last word on a matter." Order (Feb. 29, 2008) ¶ 3. Mendes has not set forth any "exceptional or extraordinary circumstances" warranting a surreply in this case, and, thus, her request is **denied**.

The court now considers Atlin's objections to Mendes's evidence. The court finds that it need not reach the majority of Atlin's objections because, as discussed below, there are several fact questions that are raised simply by the conflicting testimony of Atlin and Mendes. The court **overrules** Atlin's objections to exhibit I. In response to Atlin's objections, Mendes filed the full deposition on written questions that verify her medical records. The court need not reach the other objections to reach the conclusion it has on the motions for summary judgment, and, accordingly, **overrules as moot** the remaining objections. The court also **denies** Mendes's request for attorney's fees for responding to Atlin's objections. While the court need not reach these objections, she has not established that his objections are frivolous or entirely without merit. Moreover, Mendes herself raised a frivolous timeliness objection in response.

### 2. Declaratory Judgment

Atlin has pleaded a claim for declaratory judgment, seeking a declaration "[t]hat the basis upon which the Defendant's claims could be premised do[es] not involve an actual physician/patient relationship such that the Texas Medical Practices Act and or the Occupations Code would not apply . . . ." Orig. Compl. ¶ 15A.[2] Atlin argues that Mendes has alleged a claim for medical malpractice against him, that his prescription of medicine on her behalf does not create a physician-patient

---

[2]Atlin has withdrawn his claim for a declaration "[t]hat the basis upon which Defendant's claims could be premised do[es] not involve criminal conduct of any kind." Orig. Compl. ¶ 15B.

**Memorandum Opinion and Order – Page 6**

relationship, and that therefore summary judgment in his favor is warranted. Mendes argues that Atlin cannot use the Declaratory Judgment Act to seek a declaration that he is not liable for a tort.

The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

U.S.C. § 2201(a). As the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. State of Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal citations and punctuation omitted).

Before reaching the parties' arguments, the court first considers whether Atlin's request for declaratory relief even meets the standard. Atlin argues that the court needs to determine whether he and Mendes had a legal physician/patient relationship because this affects Mendes's purported claim that Atlin was negligent by prescribing her medications. It is clear from the face of Mendes's

counterclaim, however, that she is not asserting any medical malpractice claim. Her claim for negligence states in its entirety:

> Atlin had certain duties to Mendes and Atlin breached those duties. Specifically, Atlin had the duty to act as a reasonable person under the same or similar circumstances and he had the duty to disclose his herpes condition to Mendes. Atlin wholly breached those duties. As a proximate result of Atlin's breach of duty, Atlin suffered injuries.

First Am. Countercl. ¶ 14. While Mendes states elsewhere in her counterclaim that Atlin did prescribe medications to her, there is no allegation in her negligence claim that appears to depend on whether they had a physician/patient relationship or whether Atlin was negligent in prescribing Mendes drugs; rather, Mendes alleges that Atlin was negligent by failing to disclose to her that he had herpes. Whether Atlin and Mendes had a legal physician/patient relationship is wholly irrelevant to the counterclaims Mendes is asserting against him. Accordingly, the court determines that there is no "substantial and continuing controversy" between the parties.

Even if there was a controversy between the parties, the court also finds that Mendes is correct in arguing that Atlin's claim fails because he is seeking a declaration that he is not liable in tort. As this court has held:

> It is not the purpose of the federal Declaratory Judgment Act to enable a prospective defendant in tort actions to obtain a declaration of non-liability. The purpose of the Declaratory Judgment Act is not the declaration of non-liability for past conduct, but to settle actual controversies before they ripen into violations of law or breach of some contractual duty and to prevent the accrual of avoidable damages to those uncertain of rights.

*United of Omaha Life Ins. Co. v. Region 19 Educ. Svc. Ctr.*, 2002 WL 1285204, *3 (N.D. Tex. June 4, 2002) (Fitzwater, J.) (internal citations and parentheticals omitted). The determination of whether Atlin was Mendes's physician would not settle future controversies; the request for a determination

of legal status could only assist Atlin in being held not liable for a claim that Mendes has not even asserted against him.

Accordingly, the court determines that there is no genuine issue of material fact with respect to Atlin's claim for declaratory relief and that it fails as a matter of law. The court therefore **grants** Mendes's motion for partial summary judgment and **denies** Atlin's motion for partial summary judgment with respect to his claim for declaratory judgment.

### 3. Mendes's Counterclaims

Atlin moves for summary judgment on Mendes's counterclaims for assault, battery, negligence, and medical malpractice. He also contends that there is no evidence of Mendes's damages. Mendes responds that there are genuine issues of material fact as to each of her counterclaims. She also included a request for her attorney's fees for responding to the motion.

The court has reviewed the briefing and summary judgment record and determines that there are genuine issues of material fact with respect to whether Atlin knew he was infected with the herpes virus when he had sexual intercourse with Mendes. As the court held previously in this case, Mendes may state a claim for intentional tort if she can prove that Atlin knew he had herpes and that he could transmit it to her. The facts in the record on the issue of Atlin's knowledge and intent do not clearly establish that Atlin did or did not know. Mendes provides evidence that Atlin told her he had had herpes for twenty years, that he prescribed certain medications to treat himself for herpes years before she met him, and that the medical evidence establishes that when she first began experiencing herpes symptoms in March 2006, she had only recently been exposed to the virus. Atlin offers evidence that he never knew he had been exposed to herpes, that he never prescribed medications for himself for the virus, and that he did not know he had the virus until September

2006. These questions of fact cannot be resolved at this stage because they turn on the credibility of witnesses; credibility determinations must be made to decide whether Atlin knew he was infected with herpes and could transmit the virus to Mendes. There is also evidence that Mendes will experience annual health care costs and increased costs if she has children because of her exposure to the virus. Accordingly, there are genuine issues of material fact with respect to Mendes's counterclaims, and judgment as a matter of law is unwarranted.

### 4. Atlin's Affirmative Defense

Atlin also moves for summary judgment on his affirmative defense of consent to Mendes's counterclaims. He contends that because he and Mendes consensually agreed to have intercourse and he did not know that he had been exposed to the herpes virus until months after they had intercourse, the court should grant summary judgment on his consent defense. This, of course, begs the question. As discussed above, there are conflicting facts regarding whether Atlin knew he had been exposed to the herpes virus in February 2006 when he and Mendes first had sexual intercourse. Accordingly, Atlin is not entitled to judgment as a matter of law on this affirmative defense, and the court **denies** Plaintiff's Motion for Partial Summary Judgment.

### 5. Motion for Attorney's Fees

In her response to Atlin's motion for summary judgment, Mendes has moved for the reimbursement of her attorney's fees expended in responding to the motion. She contends that Atlin filed a motion for summary judgment alleging that she had no evidence to support her counterclaims and that she was forced to spend time marshaling her evidence and responding to the motion for summary judgment. She further contends that his motion lacks merit, that Atlin has failed to tell the truth under oath, and that he concealed pharmacy records in his document production. Accordingly,

she seeks $5,500 in attorney's fees. Atlin responds that he moved on specific elements, that his motion was successful with respect to Mendes's counterclaim for medical negligence, and that granting Mendes's motion would have a chilling effect on attorneys.

Although the court has denied Atlin's motion for summary judgment, the court is not persuaded that Mendes should be reimbursed for responding to the motion. The court's conclusion that questions of fact remain does not also lead to the conclusion that Atlin's motion was frivolous or an abuse of the judicial process. Mendes has not cited any legal support for her request for attorney's fees, and the court finds that an award of attorney's fees is not warranted. Accordingly, the court **denies** Nancy Mendes's Motion for Attorney's Fees.

### III. Motion for Jury Trial

Mendes has also moved for a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. She argues that her counsel just learned that no jury demand had been filed and that Mendes did not knowingly waive her right to a jury. She contends that the five factors a court should consider pursuant to Rule 39(b) favor allowing a jury trial. Atlin responds that Mendes has waived her right to a jury trial and that the five factors weigh against allowing a jury demand at this stage in the proceedings.

Whether to grant a motion pursuant to Rule 39(b) is discretionary with the court. *Farias v. Bexar County Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 873 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991). The Fifth Circuit has set forth the following five factors that a court should consider under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;
(4) the length of the delay in having requested a jury trial; and
(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

With respect to the first factor, Mendes argues that this a typical case to be tried to a jury. Atlin does not dispute this point. The court finds that this favor weighs in favor of a jury trial. The case involves classic "he said, she said" questions of fact that will be determined in large part by the credibility of the parties. This case is well-suited for a jury trial.

As to the second factor, Mendes contends that allowing a jury trial will not affect the trial schedule and that the discovery required is no different for a jury trial than a bench trial. Atlin responds that a jury trial is more involved than a bench trial and takes longer to try. He suggests it would take five days to try to a jury, while a bench trial would only take two days.

Allowing a jury trial will not disrupt the court's schedule or that of Atlin. First, the court disagrees with Atlin's statement that a jury trial will take five days. This is a straightforward case that turns primarily on the credibility of Atlin and Mendes, and the strength of the exhibits admitted into evidence. This case will last, at most, three days after the selection of the jury, which will not exceed three hours. After all, there is only so much evidence that the parties can present without it becoming cumulative or irrelevant, and the court will not allow the trial to be delayed or prolonged by the presentation of such evidence.

Second, while the court agrees that a jury trial will last slightly longer than a bench trial, the analysis does not stop here. In a jury trial, the jury makes a decision after it has heard all of the evidence, been instructed by the court, heard closing arguments, and concluded its deliberations; the case is over, and the only thing left for the court to do is issue judgment. After a bench trial

concludes, the parties submit proposed findings of fact and conclusions of law. The court then has to read the trial transcript, review its notes and the trial exhibits, and make specific findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. Assuming that a bench trial would take only two days as asserted by Atlin, it does not take into account the posttrial matters that the court must perform, which would take three days. Accordingly, looking at the jury trial matter in the light most favorable to Atlin, the court would spend more time on a bench trial (five days) than a jury trial (three and one-half days). As a general proposition, a jury trial is the more efficient and preferred way to dispose of a case. With respect to the claims and counterclaims, there are overlapping facts and issues, and the court specifically determines that a jury trial is the preferred and most efficient disposition of this case. Accordingly, this factor weighs in favor of a jury trial, and such a trial will not disrupt the court's schedule.[3]

With respect to the third factor, Mendes argues that there is no prejudice to Atlin by allowing a jury to decide the case. She also contends that if this case was in state court, she would still be able to demand a jury. Atlin responds that allowing a jury will cause him severe prejudice. He states that his strategy decisions have been based upon his belief that the case would not be tried to a jury. He states that he would have taken a videotaped deposition of Mendes and that he would have taken additional depositions if a jury demand had been made sooner. Plaintiff, however, does not state how not taking a video deposition of Defendant prejudices him and does not specify the additional depositions that he would have taken had he known Defendant wanted a jury trial. Further, Defendant will be present at trial, and the court does not understand why Plaintiff suffers any legal prejudice by not having a video deposition of Defendant. If Defendant's trial testimony

---

[3]With respect to any alleged disruption of Atlin's schedule, the court can make such adjustments as necessary to remove any potential prejudice.

**Memorandum Opinion and Order – Page 13**

contradicts her deposition testimony, Plaintiff can certainly use the deposition to impeach her. The court determines that this factor is at best neutral. If Atlin needs to take additional depositions, the court will consider allowing any request to delay the trial to allow Atlin time to take such depositions and to cure any potential legal prejudice he may face, provided he convinces the court such discovery is necessary.

With respect to the fourth and fifth factors, Mendes argues that it is impossible to know why her prior counsel failed to request a jury, but contends it must have been oversight. Atlin responds that Mendes has failed to offer an explanation for the delay and has twice missed the deadline to file a jury demand. The court finds that these factors weigh in favor of allowing a jury trial. As Atlin concedes, Mendes could have filed a jury demand when she amended her counterclaim, bringing her deadline to request a jury to September 2, 2008. She filed this motion approximately two months later after learning that her prior counsel never had filed a jury request. The court accepts her explanation and believes that Mendes acted promptly once she realized that no demand had been filed.

Taking into consideration each of the five factors, the court determines that a majority clearly weighs in favor of allowing Mendes to have her case heard by a jury. Moreover, a court in exercising its discretion "should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l*, 916 F.2d at 1064 (citation omitted). No such reasons exist. While Atlin arguably could face some yet-to-be-identified prejudice, the court will, out of an abundance of caution, allow him such time as reasonable to cure any potential legal prejudice he may face, provided that he specify the discovery sought, the need for the discovery, and why the discovery was not taken within the parameters set by the court. Atlin must present his motion, if any, to the court

by **January 7, 2009** at **5:00 p.m.** Defendant shall file a response, if any, by **January 13, 2009** at **5:00 p.m.** No reply shall be filed, and, if necessary, the court will promptly hold a conference by telephone. Accordingly, the court **grants** Defendant Counter Plaintiff's, Nancy Mendes, Motion for Jury Trial.

IV. **Conclusion**

For the reasons stated herein, the court **grants** Defendant/Counter Plaintiff's, Nancy Mendes, Motion for Partial Summary Judgment; **denies** Plaintiff's Motion for Partial Summary Judgment; **denies** Nancy Mendes's Motion for Attorney's Fees; **grants** Defendant Counter Plaintiff's, Nancy Mendes, Motion for Jury Trial; **denies** Defendant's, Nancy Mendes, Motion to Strike Plaintiff's, Neil J. Atlin, D.O., Objections to Defendant's Summary Judgment Evidence and Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment and Defendant's Motion to Strike Changed Testimony and Defendant's Motion for Sanctions. The court **dismisses with prejudice** Atlin's claim for declaratory judgment. This case, unless sooner resolved, will be heard by a jury during the month of February 2009.

As a final matter, the court observes that a number of documents have been filed under seal without leave of court. No documents may be filed under seal without leave of court.

**It is so ordered** this 31st day of December, 2008.

Sam A. Lindsay
United States District Judge