IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NEIL J. ATLIN, D.O.**, | § | |
| | § | |
| Plaintiff/Counterdefendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1909-L** |
| | § | |
| **NANCY MENDES**, | § | |
| | § | |
| Defendant/Counterplaintiff. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant/Counter Plaintiff's, Nancy Mendes, Motion to Strike Plaintiff/Counter Defendant's, Neil J. Atlin, D.O., Changed Deposition Testimony, filed December 17, 2008; (2) Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order, filed January 2, 2009; and (3) Plaintiff's Motion for Additional Discovery, filed January 7, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Defendant/Counter Plaintiff's, Nancy Mendes, Motion to Strike Plaintiff/Counter Defendant's, Neil J. Atlin, D.O., Changed Deposition Testimony; **denies** Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order; and **grants in part** and **denies in part** Plaintiff's Motion for Additional Discovery.

**I.     Factual and Procedural History**

Plaintiff Neil J. Atlin ("Plaintiff" or "Atlin") filed this diversity action for negligence, declaratory relief, and attorney's fees on October 17, 2006, against Defendant Nancy Mendes ("Defendant" or "Mendes"). This case arises from accusations by Atlin that, without his knowledge, Mendes knowingly transmitted herpes, an incurable sexually transmitted disease, to him. Compl.

**Memorandum Opinion and Order – Page 1**

¶ 12. On January 7, 2008, Counterplaintiff Mendes filed her First Amended Counterclaim against Atlin, alleging claims of assault, battery, intentional infliction of emotional distress, and negligence. On August 12, 2008, the court dismissed with prejudice Mendes's claims for fraud and intentional infliction of emotional distress. On December 31, 2008, the court denied Atlin's motion for partial summary judgment, granted Mendes's motion for partial summary judgment, and granted Mendes's motion for a jury trial. In granting the motion for a jury trial, the court stated that to prevent any legal prejudice to Atlin, he could move for additional discovery, "provided that he specify the discovery sought, the need for the discovery, and why the discovery was not taken within the parameters set by the court." Mem. Ord. and Op. (Dec. 31, 2008), 14.

Atlin now moves the court to reconsider its December 31, 2008 memorandum opinion and order insofar as it overruled his objections to certain of Mendes's medical records and denied his motion for partial summary judgment on Mendes's counterclaims. Atlin has also moved for additional discovery, seeking an additional deposition of Mendes and a deposition of Jennifer H. Mendoza Sayers, Ph.D., and seeking costs and fees for these depositions. Mendes has also moved for relief, asking the court to strike certain changed deposition testimony of Atlin. The court will first consider Atlin's motion for reconsideration and then consider the discovery motions.

## II.    Motion for Reconsideration

Plaintiff Atlin asks the court to reconsider its December 31, 2008 memorandum opinion and order, and argues that certain medical records relied upon by Mendes in support of her counterclaim should not have been part of the summary judgment record. Atlin essentially argues that these medical records were produced late and are not properly authenticated. Mendes responds that Atlin had access to the records and that if the court agrees with him, she seeks leave to "obtain the records

again from the medical provider under the form of an affidavit, agreed to by counsel in advance, for submission to the Court." In reply, Atlin argues that Mendes should not be allowed to "punish [him] by improperly expanding centuries of established summary judgment procedure."

Setting aside Atlin's rhetoric, the court determines that he has failed to show any legal prejudice to him by Mendes's alleged failure to properly authenticate the records. He does not argue that he did not have an opportunity to depose the treating physicians, or that the medical records appear to be false in some way.[*] The court agrees with Mendes that granting summary judgment on a procedural ground that is easily remedied would elevate form over substance. Accordingly, the court **denies** Atlin's motion for reconsideration; however, Mendes must properly authenticate these records prior to trial or they will not be admitted at trial. The court **directs** the parties to confer regarding any continuing dispute as to whether Mendes's medical records are properly authenticated, and the court will address any remaining dispute at the pretrial conference.

### III. Discovery Motions

#### A. Mendes's Motion to Strike Atlin's Changed Deposition Testimony

Mendes moves to strike changes made by Atlin to his deposition testimony regarding whether he had ever prescribed certain drugs to himself. Atlin initially testified at his deposition that he had never taken any medication for genital herpes and that he had never prescribed any such medication for himself. In her response to Atlin's motion for summary judgment, Mendes included documents from a pharmacy that showed that he had prescribed himself the drug Valtrex, which is used to treat genital herpes. Atlin then changed his deposition testimony in the errata sheet to state

---

[*] To the extent there may be legal prejudice to Atlin, the court believes that this prejudice will be cured by reopening discovery and allowing Atlin additional depositions as requested in his motion for additional discovery.

**Memorandum Opinion and Order – Page 3**

that he had written a prescription in his own name for Valtrex to give to a friend of his ex-girlfriend. Mendes contends that his changed testimony amounts to a "sham affidavit," and that the changes he made are not permitted by Rule 30(e) of the Federal Rules of Civil Procedure. In the alternative, Mendes asks for additional discovery at Atlin's expense, including an additional deposition of Atlin, and depositions of Atlin's ex-girlfriend and the patient to whom he claims requested the Valtrex prescription.

Atlin argues that Rule 30(e) permits him to change his testimony, and argues that Mendes's interpretation of Rule 30(e) is too narrow. He contends that he complied with Rule 30(e), making fourteen changes to his deposition within eighteen days of receiving the deposition transcript, and stating the reason for each change. He argues that Mendes is not entitled to further discovery or attorney's fees because his testimony was consistent with the position that he has taken since the beginning of this case. He asks that if additional discovery is allowed, that his deposition be limited and that his changed testimony should supersede his previous testimony.

The court determines that Atlin's changes to his deposition testimony comply with Rule 30(e) and agrees with the conclusion reached by the court in *Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005) (Ramirez, M.J.). In reviewing one decision that held that a broad reading of Rule 30(e) is warranted, the court pointed to two safeguards to such an approach:

> First, the original answer to the deposition questions will remain part of the record and can be read at trial. Such a remedy reduces the likelihood of abuse . . . because the deponent knows that the original answers as well as the changes and the reasons will be subject to examination by the trier of fact. Second, if changes made in the deposition pursuant to Rule 30(e) make the deposition incomplete or useless without further testimony, the party who took the deposition can reopen the deposition.

*Id*. at 490 (internal citations and quotations omitted).

**Memorandum Opinion and Order – Page 4**

The court finds this reasoning persuasive and determines that it will not strike Atlin's changed testimony; rather, the better practice is to allow Mendes to reopen Atlin's deposition for the limited purpose of questioning him about the changes he made in his deposition corrections. Mendes may also depose Karla Ramirez. The court rejects Atlin's attempt to keep the original answers out of the record; Atlin may be cross-examined regarding his initial answers and the reasons for the changes he made. Accordingly, the court **grants in part** and **denies in part** Defendant/Counter Plaintiff's, Nancy Mendes, Motion to Strike Plaintiff/Counter Defendant's, Neil J. Atlin, D.O., Changed Deposition Testimony.

### B. Atlin's Motion for Discovery

Pursuant to the court's December 31, 2008 memorandum opinion and order allowing for a jury trial of this action, Atlin has moved for additional discovery. Atlin requests the following discovery: an additional deposition of Mendes because she produced additional documents after her deposition; and a deposition of Jennifer H. Mendoza Sayers, Ph.D., Mendes's therapist. Atlin argues that deposing Sayers is necessary because Mendes relied on medical records from Sayers and because he will need to "delve into Defendant's psychological state-of-mind" before a jury, though he did not need to address this issue in a bench trial. He asks the court to award him costs and attorney's fees for these depositions.

Mendes responds that the discovery requested by Atlin is a "tit-for-tat" and that none of the sought discovery is necessary for a jury, rather than a bench, trial. She contends that her deposition was recessed subject to Atlin continuing the deposition after receiving her documents, but that he never requested to reconvene the deposition. Mendes states that she is willing to continue her deposition, but opposes paying attorney's fees. With respect to Sayers, Mendes also argues that she

has offered her therapist for deposition, but again states that she opposes paying attorney's fees for this deposition. Sayers's medical records were produced in August 2008, and she was identified in Mendes's initial disclosures.

The court determines that given the continuation of the trial setting and that discovery will be reopened for the deposition of Atlin, it will allow him to redepose Mendes and to depose Sayers. Mendes's deposition is limited to questions regarding what is in the documents produced since her first deposition and any necessary follow-up questions. The court declines to assess attorney's fees for this additional discovery against any party and determines that each party must bear its own costs and fees with respect to any additional discovery he or she seeks, including the redeposition of Atlin. While there have been many accusations of wrongdoing by both sides, the court finds that the best practice is to make each party bear his or her own costs and fees. Accordingly, the court **grants in part** and **denies in part** Plaintiff's Motion for Additional Discovery.

## IV. Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Defendant/Counter Plaintiff's, Nancy Mendes, Motion to Strike Plaintiff/Counter Defendant's, Neil J. Atlin, D.O., Changed Deposition Testimony; **denies** Plaintiff's Motion for Reconsideration of Memorandum Opinion and Order; and **grants in part** and **denies in part** Plaintiff's Motion for Additional Discovery. **Additional discovery is only permitted to the extent herein specified and must be completed no later than *March 23, 2009*.** No further dispositive motions may be filed.

*It is time to proceed to trial*. The court has grown weary of unnecessary disputes. With respect to future disputes that require court intervention, the court will impose sanctions against the party or attorney at fault. The court realizes that strong emotions that are present in this case;

however, these emotions should not impede or delay pretrial preparation. The court will issue an amended scheduling order by separate order.

**It is so ordered** this 6th day of February, 2009.

Sam A. Lindsay
United States District Judge